Per Curiam.
The testimony of the defendant is clear, straightforward and, to us, convincing, and the testimony of the plaintiff does not impress us favorably, but we have no power to disturb a verdict rendered in the city court because it seems to us to be against the weight of evidence. We have no power to reverse a judgment of the city court, save when errors of law appear, and those errors have been made the subject of exceptions.
No one of the exceptions appears to us to be valid. The exception to the refusal, at the close of the plaintiff’s case, to dismiss the complaint, is not a good one.
If the testimony of the witnesses for the plaintiff were true, the plaintiff was entitled to recover the greater part of the amount claimed in the complaint.
If no testimony had been offered by the defendant, it is obvious that the plaintiff would have been entitled to a verdict. It appeared that the defendant had recovered, in the name of the plaintiff, 8579.44, and that he had accounted for no more than $208. Eor the remainder, the defendant, if he had not changed the aspect of the case by the evidence that he afterwards introduced, would have been liable. There was no error, therefore, in the refusal to dismiss the complaint.
Nor was there error in refusing the request to instruct the jury that the “ promissory note must be withdrawn from the controversy between the plaintiff and the defendant because it was placed in the defendant’s hands by Falk, in whose name suit was brought upon it, and the amount recovered upon it was demanded by, and paid to, Falk.”
This instruction was entirely unnecessary. There was no pretention on the part of the plaintiff to any interest in that note, or its proceeds. The complaint shows clearly that what the plaintiff claimed was not the money collected ux>on the note,"but the costs awarded against Mrs. Spitz, *382 together with the damages recovered, without suit, upon the undertaking given by Mrs. Spitz when she obtained the-order for the arrest of Horner, the plaintiff, in the action of Spitz against Homer.
The testimony of Falk, a witness for the plaintiff, as well as the testimony of the plaintiff himself, could not possibly have been misunderstood by the jury, and both Falk and the plaintiff said that the note belonged to Falk, and that the plaintiff had no concern with it. There is not a word in the testimony that could have led the jury to suppose that the plaintiff was demanding in this action the proceeds of the note.
There is a statement of the plaintiff—the truth of which might be doubted—that the defendant agreed to get him out of jail, and also to collect the note (which the plaintiff did not own), for the sum of fifty dollars, but Falk, the owner of the note, to whom the defendant paid the avails when it was collected, did not object to the fee that the defendant demanded for his services in collecting.
It is not possible that the jury could have supposed that the note was the subject of the controversy. The judge, in his charge, had said to the jury, “in this case, the plaintiff seeks to recover the difference between the promissory note and the amount that was received from Mrs. Spitz.’ ’
“Two hundred and twenty-five dollars is the amount of the promissory note that Mr. Falk, who is in some way connected with Mr. Horner, placed in Mr. Wehle’s hands.”
It would be giving but little credit to the jury for intelligence to suppose that they believed that the note was embraced in this litigation.
The second request to charge is, as we understand it, unsupported by the facts. The plaintiff did claim the taxable costs in Spitz v. Horner.
The propriety of the defendant’s course in advising against any attempt on the part of Horner to bring an action for false arrest after his discharge in the action of Spitz v. Horner was nowise involved in the issues that were on trial, and we think that the court was perfectly right in declining to make any observations on the subject.
There is no other exception in the case, and the result is that the judgment must be affirmed, though a verdict might well have been given to the defendant.
Judgment affirmed, with costs.